UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN ISOM, | ) |
| Petitioner, | ) |
| v. | ) Cause No. 2:21-CV-231-HAB |
| RON NEAL, Warden, Indiana State Prison, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Kevin Isom faces execution by the State of Indiana for the 2007 triple murder of his wife and stepchildren. He now moves to stay these federal habeas proceedings to allow him to exhaust previously unraised claims to an Indiana state court. (ECF No. 28). Respondent objects, arguing that all unraised claims are now procedurally defaulted. The issue is now fully briefed (ECF Nos. 35, 36) and ready for ruling.

**I.      Factual and Procedural Background**

The Court set forth much of the relevant factual and procedural background in a previous opinion denying Isom's request for equitable tolling. (ECF No. 14 at 2–5). The Court will note additional facts as necessary.

**II.     Legal Discussion**

Isom seeks a so-called *Rhines* stay, named after *Rhines v. Weber*, 544 U.S. 269 (2005). There, the Supreme Court adopted a stay and abeyance procedure whereby habeas petitioners who raise exhausted and unexhausted claims can return to state court to present the unexhausted claims. The Supreme Court instructed that such a procedure is appropriate where "the petitioner had good

cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Respondent does not meaningfully dispute any prong of the *Rhines* test. Instead, he argues that Isom has no unexhausted claims, only procedurally defaulted ones. This, he claims, makes a *Rhines* stay inapplicable in any case.

The fundamental issue, then, is whether the claims Isom seeks to pursue at the state level are "unexhausted" or "procedurally defaulted." "Exhaustion refers only to issues that have not been presented to the state court but still may be presented. Procedural default, on the other hand, occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (citation omitted). The distinction is one that is governed by state law. *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002). That said, a federal court should permit a petitioner to return to state court unless it is "clear that [the petitioner] is not or could not pursue a . . . claim on post-conviction review." *Suprenant v. Superintendent*, 3:11-CV-410, 2012 WL 1430542, at *3 (N.D. Ind. Apr. 24, 2012).

Respondent's brief and Isom's reply brief are effectively a back and forth on whether an Indiana state court would hear Petitioner's arguments on a successive petition for post-conviction relief. What that back and forth demonstrates to the Court is that reasonable minds can differ on the issue of whether a successive petition for post-conviction relief would be authorized under Ind. P. C. R. 1(12)(c) and, ultimately, whether such a petition would be meritorious. Where fundamental issues of state law exist in a capital habeas case, the Court believes that a state court should make those decisions. Because it is not clear that Isom could not pursue his unraised claims in an Indiana state court, the Court concludes that a *Rhines* stay is appropriate.

The only remaining issue is whether Petitioner's habeas counsel should be appointed to represent him in the successive state post-conviction relief proceedings. Under 18 U.S.C. § 3599(e), petitioners like Isom bringing a § 2254 proceeding from a death sentence are entitled to appointed counsel who shall represent the petitioner throughout the federal habeas proceeding, "all available post-conviction process," and "other appropriate motion and procedures." The United States Supreme Court has interpreted this language as permitting a district court to "determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009). Respondent does not address the representation issue, likely because it is obvious that Isom would be well-served by a full-time federal death penalty counsel. Isom's current habeas counsel will be appointed to represent him in state court.

For these reasons, the Court GRANTS Petitioner's Motion to Stay and Hold in Abeyance Federal Habeas Proceedings (ECF No. 28). This case is STAYED. Isom is ORDERED to begin state post-conviction relief proceedings on his unraised claims within 30 days of this order. Isom is further ORDERED to notify the Court within 30 days of the termination of his state post-conviction relief proceedings so that the stay can be lifted. Isom's current federal habeas counsel is appointed to represent Isom in the future state post-conviction relief proceedings, subject to any state law limitations on his representation.

SO ORDERED on January 24, 2023.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT